

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   NOV 5 2013
WILLIAM W. BLEVINS
CLERK

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30668
USDC No. 2:12-CV-2703

BORIS STOGNER,

                                   Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

                                   Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

O R D E R:

      Boris Stogner, Louisiana prisoner # 543132, has applied for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition. Stogner filed the § 2254 petition to challenge his jury trial convictions on two counts of aggravated rape, for which he is serving concurrent terms of life imprisonment.

      A COA may be issued only if Stogner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court denies § 2254 relief on procedural grounds without reaching the merits of the underlying constitutional claims, a COA should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the district court rejects constitutional claims on their merits, a COA should issue only if the petitioner "demonstrat[es] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.*

Stogner claims that his rights under the Confrontation Clause were violated because the trial court allowed the alleged victims to testify via closed circuit television, that his rights to due process and a fair trial were violated because Dr. Adrienne Atzemis was permitted to testify as an expert in the field of forensic pediatrics, and that the evidence was insufficient to support his convictions.  He also claims that his trial counsel provided ineffective assistance because counsel failed to request a *Daubert*[1] hearing or otherwise object to the State's expert witnesses, failed to move for a competency hearing, and failed to raise a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), during jury selection.  To the extent that Stogner claims that the testimony of Dr. Atzemis violated the Confrontation Clause and that the testimony of Bethany Case should not have been admitted without a *Daubert* hearing, it is unnecessary to consider such claims because they are raised for the first time in his COA application.  *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

Stogner has failed to make the requisite showing.  Accordingly, his application for a COA is DENIED.

/s/CAROLYN DINEEN KING
CAROLYN DINEEN KING
UNITED STATES CIRCUIT JUDGE

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

2

A true copy
Attest:
Clerk, U. S. Court of Appeals, Fifth Circuit
By
Deputy
New Orleans, Louisiana  0 4 NOV 2013